IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01639-GPG-CYC

ISAAC BENAVIDEZ,

    Plaintiff,

v.

JANE GILDEN, and
DR. KRUGER,

    Defendants.

_____

## ORDER
_____

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Isaac Benavidez moves for the appointment of pro bono counsel, arguing that his case is too complex for him to handle alone. ECF No. 65. Oral argument will not materially assist in the resolution of this matter and the motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the motion is **DENIED without prejudice**.

### BACKGROUND

    The plaintiff initiated this action by filing a pro se complaint on June 12, 2024. ECF No. 1. He was granted leave to proceed *in forma* pauperis, ECF No. 2, and the Court therefore reviewed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed the plaintiff to file an amended complaint. ECF No. 4. The plaintiff did, asserting that the defendant repeatedly denied him medication to help with his opioid addiction. ECF No. 12 at 3.

Both defendants in this case have filed their respective motions to dismiss. ECF Nos. 54, 56. The plaintiff has filed his responses to the motions to dismiss. ECF Nos. 65, 66. In his response to Defendant Kruger's motion to dismiss, the plaintiff included this Motion. ECF No. 65.

## ANALYSIS

A district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted).

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. He asserts, for example, that he is a segregated inmate and has limited access to the law library, is unable to afford counsel, and needs an attorney to handle the complexities of the case. ECF No. 65. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Additionally, a person's financial status does not guarantee the right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off.*

2

*of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court.

Furthermore, although the plaintiff further asserts that he is legally blind and cannot see out of his left eye, the plaintiff fails to explain how his ailments necessitate the appointment of counsel. *See Bertolo v. Benezee*, 601 F. App'x. 636, 640-41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel, because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). Indeed, that plaintiff has already filed his responses to the motions to dismiss. ECF Nos. 65, 66. As such, the plaintiff appears to have an understanding of the proceedings. *Archer v. Holms*, 20-CV-01247-PAB-KLM, 2020 WL 13906301, at *5 (D. Colo. Oct. 8, 2020) (denying a plaintiff's motion for appointment of counsel when the plaintiff claimed issues with eyesight because the plaintiff appeared to understand the proceedings).

In sum, this case is at an early stage, it is not overly complex from a reading of the complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's claim survive the motion to dismiss stage, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR

15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial"). In that motion, the plaintiff is encouraged to explain how his limited eyesight affects his ability to represent himself.

## CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel, ECF No. 65, is **DENIED without prejudice**.

Entered and dated this 3rd day of April, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge